**Carl E. WATKINS, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 04–3178.

United States Court of Appeals, Federal Circuit.

Oct. 6, 2004.

Before MAYER, Chief Judge, RADER, and SCHALL, Circuit Judges.

PER CURIAM.

Carl E. Watkins appeals the decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. *Watkins v. Dep't of Veterans Affairs,* AT–0752–03–0952–I–1 (M.S.P.B. Dec. 10, 2003). We *affirm.*

A retirement, to include a disability retirement, is presumed to be voluntary and beyond the board's jurisdiction. *Shoaf v. Dep't of Agric.,* 260 F.3d 1336, 1340 (Fed. Cir.2001). Watkins may avoid this presumption upon a showing that his disability retirement was involuntary. *Id.* at 1341. To establish a claim of involuntary disability retirement, Watkins must prove that (1) after the onset of his disability and prior to his retirement, he sought to continue working, despite his medical limitations, with an accommodation; (2) an accommodation was available on the date of his retirement at, or above, his position level; and (3) the Department of Veterans Affairs ("VA") refused to provide him with an accommodation. *See Benavidez v. Dep't of the Navy,* 241 F.3d 1370, 1375 (Fed.Cir.2001) (affirming a board decision using these criteria).

The question before the board was whether Watkins had made sufficient non-frivolous allegations of fact to establish that his retirement was involuntary. The record shows that in December of 1997 the VA provided Watkins with a five-week accommodation period in response to a medical condition. He does not allege or prove that he requested another accommodation prior to the expiration of the five-week accommodation period. Furthermore, he neither alleges nor proves that a further accommodation was requested and available, but not provided, prior to his June 1998 disability retirement. Therefore, Watkins fails to rebut the presumption that his disability retirement was voluntary, and fails to present any grounds that invoke the board's jurisdiction to review his retirement. The board's decision is not arbitrary, capricious, or otherwise not in accordance with the law.